UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRYAN A. OGLE,                                      ) | |
|                                                     ) | |
|         Plaintiff,    ) | |
|                                                     ) | |
|         v.            ) | No. 2:22-cv-00169-JPH-MG |
|                                                     ) | |
| WEXFORD HEALTH SERVICES,                            ) | |
| RICHARD BROWN,                                      ) | |
| NAVEEN RAJOLI,                                      ) | |
| SAMUEL BYRD,                                        ) | |
| KIM HOBSON,                                         ) | |
| AMY WRIGHT,                                         ) | |
| UKNOWN MED. STAFF 1-2,                              ) | |
| MASON,                                              ) | |
| LOVELACE,                                           ) | |
| JULIE HAMILTON,                                     ) | |
| UNKNOWN C.O.,                                       ) | |
| BARBERA RIGGS,                                      ) | |
| J. CHANTELL,                                        ) | |
| K. MCDONALD,                                        ) | |
| T. AULER,                                           ) | |
| A. COOPER,                                          ) | |
| CHELSEY PEARISON,                                   ) | |
|                                                     ) | |
|         Defendants.  ) | |

**Order Screening Complaint and Directing Service of Process**

Indiana prisoner Bryan Ogle brings this lawsuit alleging that the defendants have been deliberately indifferent to his serious medical needs. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names the following defendants: Wexford Health Services, the Indiana Department of Correction ("IDOC"), Richard Brown, Dr. Naveen Rajoi, Dr. Samuel Byrd, Nurse Kim Hobson, Nurse Amy Wright, Unknown Med Staff 1-2, Mason, Lovelace, Nurse Julie Hamilton, Unknown C.O., Nurse Barbera Riggs, J. Chantel, K McDonald, T. Auler, A. Cooper, and Chelsey Pearson. Mr. Ogle is seeking compensatory, consequential, and punitive damages; injunctive relief; and declaratory relief.

Mr. Ogle is a chronic care patient who suffers from migraines, epilepsy, hypoglycemia, and gastro esophageal reflux disease. Dkt. 43, p. 12. The complaint makes the following allegations:

### A.  Allegations relating to seizures

On September 24, 2019, Mr. Ogle had a chronic care appointment with Dr. Rajoli. At this appointment, Dr. Rajoli prescribed Excedrin for headaches and epilepsy. Excedrin is not an accepted medication for epilepsy. *Id.* at 13.

2

On January 29, 2020, Mr. Ogle had an appointment with a nurse after he experienced "a series of complex-partial seizures and ending with a serious loss of consciousness seizure." *Id.* at 14. At this appointment, the nurse told Mr. Ogle that there was nothing she could do because Wexford does not consider Mr. Ogle's chronic conditions to be serious. *Id.* The nurse then sent Mr. Ogle back to his cell where he had a seizure. *Id.*

Following this appointment, Mr. Ogle made several attempts to receive additional care or have an appointment with a physician, but Wexford's policies and/or customs for scheduling appointments with physicians resulted in these requests being denied or ignored. *Id.* at 15.

On February 7, 2020, Mr. Ogle "suffered a spell of low blood sugar and L/C seizure brought on as a consequence of his untreated serious medical conditions." *Id.* at 16. Pod officers Lovelace and Mason requested medical assistance, but the medical staff refused to respond. *Id.* Mr. Ogle's cellmate and Officer Mason "tended to [Mr.] Ogle's medical needs as best they could." *Id.* Although Officer Mason and Officer Lovelace did not submit an incident report, they did note the incident in their shift notes. *Id.*

On February 12, 2020, Nurse Wright responded to a formal grievance Mr. Ogle had submitted about two weeks earlier. *Id.* Nurse Wright "expressly advanced 'cost-over-care' policy/practice . . . by indicating [that Mr.] Ogle would have to unnecessarily suffer without any medication / medical treatment by the M.D. until at least late March." *Id.* Nurse Wright delayed Mr. Ogle's medical care in retaliation for his formal grievance. *Id.* at 17.

On March 19, 2020, Nurse Riggs met with Mr. Ogle in nursing sick call in response to Mr. Ogle's request for health care. Nurse Riggs refused to provide Mr. Ogle with medical care, stating, "These are [chronic care] issues. You need to take them up with the doctor at your next [chronic care] appointment." *Id.* Mr. Ogle was supposed to have an appointment with a physician

the next day, but when he voiced his disagreement with Nurse Riggs, she delayed his care until the next week. *Id.* When Mr. Ogle expressed disbelief at the delayed appointment, Nurse Riggs stated, "Yeah, you wanna go for next month? What? You ain't got nothing else smart to say?" *Id.*

Mr. Ogle's chronic care appointment with the physician was later rescheduled by Nurse Chelsey, "who told [Mr.] Ogle that there was only one M.D. available for the entire prison, that M.D. and [chronic care appointments] are running behind, and there are many more important patients with real medical issues." *Id.* at 19.

In April 2020, Mr. Ogle met for an appointment with Dr. Byrd, who "explained how you cannot use headache/migraine medication to substitute antiseizure medications, which ultimately was what Dr. Rajoli had been doing." *Id.* However, Dr. Byrd then "deliberately delay[ed] the use of non-formulary [medication] . . . by failing to submit timely and proper request for non-formulary medications." *Id.* As a result, Mr. Ogle did not begin his anti-seizure medication until April 10, 2020.

Nurse Cooper and K. McDonald "provided standard cost-over-care responses to [Mr.] Ogle's 7/13/2020 and 02/07/2021 offender grievance[s]." *Id.* The complaint does not state what issues these grievances raise. *Id.*

**B. Allegations relating to eye injury**

On August 27, 2020, Mr. Ogle sustained an injury to his right eye. Dkt. 1, p. 22. He was "immediately sent to O.S.B. for emergency medical care." *Id.* Mr. Ogle had to wait "several minutes" to be seen. *Id.* Nurse Hamilton later explained that the delay was caused by staff shortage, as she was the only medical staff person in the facility at that time. *Id.* Nurse Hamilton then examined Mr. Ogle and flushed his eye. *Id.* She then called Dr. Byrd who diagnosed Mr. Ogle with a corneal abrasion without conducting a physical exam. *Id.* Dr. Byrd directed Nurse Hamilton

to flush Mr. Ogle's eye a second time and to schedule him for an appointment the next day with M.D./sick call. *Id.* Nurse Hamilton also provided Mr. Ogle with a right eye patch and medical padding for bleeding and light sensitivity. *Id.* at 22-23.

The next day, Nurse Riggs refused to see Mr. Ogle and instructed him "to repeat and continue the 24-hour treatment plan previously given and to fill-out a medical [request for health care] if it doesn't get better or gets worse after a week." *Id.* at 23. Nurse Riggs took this action even though Mr. Ogle had informed her through a health care request that he had "extreme pain, worsening condition, inability to sleep through the previous night . . . and need for follow up care by provider / M.D." *Id.* at 24.

Eventually, Mr. Ogle's family and friends were able to help him purchase medicated eye drops and ointment from the facility's onsite pharmacy. *Id.*

On December 9, 2020, Mr. Ogle submitted a health care request to see an eye doctor. *Id.* at 24. The request noted that he had extreme pain and that his eye condition was aggravating his chronic medical conditions. *Id.* Nurse McDonald denied this request. Nurse McDonald later told Mr. Ogle that he would have to continue his ineffective treatment until he could see the onsite physician. *Id.*

On April 26, 2021, Mr. Ogle submitted another request for health care "due to swelling in right eye that was painfully forcing [his] right eye out of his face / orbital socket, which would not allow [him] to close his eye completely." *Id.* at 25. Dr. Rajoli and Nurse Auler refused to schedule Mr. Ogle for an offsite specialist appointment, choosing instead to continue managing the condition onsite with ineffective treatments. *Id.*

On May 2, 2021, Mr. Ogle submitted another health care request, saying that he was "in extreme pain and going blind in one eye, and need[ed] to see an eye specialist." *Id.* at 26. Nurse

Cooper refused to schedule the appointment and failed to inform the onsite physician about this health care request. *Id.* This aggravated Mr. Ogle's condition. *Id.*

### C. General allegations

The complaint alleges that defendants Dr. Rajoli, Dr. Byrd, Dr. Hobson, Nurse Wright, Officer Mason, Officer Lovelace, Nurse Hamilton, Nurse Riggs, Nurse Chantell, Nurse McDonald, Nurse Auler, Nurse Cooper, and the "John Doe" defendants "chose to continue a less efficacious course of treatment, took no measures to investigate the plaintiff's known issues, nor scheduled / referred the plaintiff to the provider / M.D. or to correct his medications dispensary, took no measures to address his medical issues, or alleviate the plaintiff's pain and suffering." *Id.* at 21.

The complaint also alleges that Mr. Ogle "has reason to believe and evidence to support" these defendants "acted in retaliation against the plaintiff; and/or willfully participated in a campaign of retaliation in response to the plaintiff exercising the protected conduct of seeking needed medical care / medications and /or properly complaining when he received less than proper or adequate care that did not and/or delayed meaningful care." Dkt. 21.

### III. Discussion

For the reasons explained below, some of Mr. Ogle's claims shall proceed, and others are dismissed.

### A. Claims that are dismissed

#### 1. Unidentified Defendants

Mr. Ogle's claims against Unknown Med Staff 1-2 and Unknown C.O. are **dismissed** because suing unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include [an]

anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted)).

### 2. Indiana Department of Correction

Mr. Ogle's claims against the Indiana Department of Correction are **dismissed** because the Eleventh Amendment bars private lawsuits in federal court against a state that has not consented to be sued. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016).

### 3. Richard Brown

Mr. Ogle's claims against Richard Brown are **dismissed** because the complaint does not contain any factual allegations against this defendant. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

### 4. Unjust enrichment

Unjust enrichment is an equitable doctrine wherein a person who has been "unjustly enriched at the expense of another is required to make restitution to the other." *Lady Di's, Inc. v. Enhanced Services Billing, Inc.*, 654 F.3d 728, 735 (7th Cir. 2011) (citing Restatement of Restitution § 1 (1937); *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). "Unjust enrichment is also referred to as *quantum meruit*, contract implied-in-law, constructive contract, or quasi-

contract." *Coppolillo v. Cort*, 947 N.E.2d 994, 997 (Ind.App.2011). It allows for recovery "where the circumstances are such that under the law of natural and immutable justice there should be a recovery." *Id.*, quoting *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009). To prevail on an unjust enrichment claim under Indiana law, "a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh*, 573 N.E.2d at 408; accord, *Creative Demos, Inc. v. Wal–Mart Stores, Inc.*, 142 F.3d 367, 372 (7th Cir.1998), quoting *Wright v. Pennamped*, 657 N.E.2d 1223, 1229–30 (Ind. App. 1995). Examples of unjust enrichment actions include circumstances where the defendant collected payment from the plaintiff for legally prohibited contracts or for "unwanted services that were never ordered." *Id.* at 736-37.

By contrast, the complaint in this case alleges that the State of Indiana contracts with Wexford to provide medical services to prisoners. Mr. Ogle is the beneficiary of this contract. The complaint alleges that the defendants did not provide adequate medical services, but it does not allege a quasi-contract between the defendants and Mr. Ogle. Accordingly, Mr. Ogle's unjust enrichment claims are **dismissed**.

### B. Claims that shall proceed

Mr. Ogle's Eighth Amendment deliberate indifference to a serious medical need claims **shall proceed** against Wexford on the theory that Wexford has policies or customs of delaying or denying care to chronic care patients, denying care for epilepsy, understaffing its facilities, and refusing to provide necessary medical treatment. Mr. Ogle's Eighth Amendment deliberate indifference claims **shall proceed** against individual defendants Dr. Rajoli, Dr. Byrd, Dr. Hobson, Nurse Wright, Officer Mason, Officer Lovelace, Nurse Hamilton, Nurse Riggs, Nurse Chantell,

Nurse McDonald, Nurse Auler, Nurse Pearson, and Nurse Cooper. His retaliation claims **shall proceed** against individual defendants Dr. Rajoli, Dr. Byrd, Dr. Hobson, Nurse Wright, Officer Mason, Officer Lovelace, Nurse Hamilton, Nurse Riggs, Nurse Chantell, Nurse McDonald, Nurse Auler, Nurse Pearson, and Nurse Cooper.

This summary includes all viable claims identified by the Court. If Mr. Ogle believes the complaint contains additional viable claims, he must identify those claims within **21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Wexford of Indiana, LLC, Dr. Rajoli, Dr. Byrd, Dr. Hobson, Nurse Wright, Officer Mason, Officer Lovelace, Nurse Hamilton, Nurse Riggs, Nurse Chantell, Nurse McDonald, Nurse Auler, Nurse Pearson, and Nurse Cooper in the manner specified by Rule 4(d). Process shall consist of the complaint filed on April 27, 2022, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction/Wexford employees electronically.

The **clerk is directed** to terminate Richard Brown, Unknown Med Staff 1-2, and Unknown C.O. as defendants on the docket. The **clerk is directed** to change "Wexford Health Services" to "Wexford of Indiana, LLC" as a defendant on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRYAN A. OGLE
156782
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Distribution to Indiana Department of Correction:
    Officer Mason
    Officer Lovelace

Electronic Service to Wexford of Indiana, LLC

Naven Rajoli
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

Samuel Byrd
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

Kim Hobson
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

Amy Wright
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

Julie Hamilton
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

Barbera Riggs
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

J. Chantell
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

K. McDonald
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

T. Auler
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

A. Cooper
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838

Chelsey Pearson
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838